**NOT FOR PUBLICATION**



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| VITALINA EDELMIRA SALAZAR CASTELLANO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 05-75517<br><br>Agency No. A073-122-949<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2010[**]
San Francisco, California

Before: REINHARDT and BYBEE, Circuit Judges, and SELNA, District Judge.[***]

Vitalina Edelmira Salazar Castellano petitions for review of a decision of the

Board of Immigration Appeals ("BIA") summarily affirming an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, District Judge for the U.S. District Court for Central California, Santa Ana, sitting by designation.

judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Substantial evidence supports the Immigration Judge's finding that Salazar Castellano failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground and we therefore deny the petition.

When, as in this case, the BIA affirms the immigration judge's decision without opinion, we review the immigration judge's decision directly. *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir. 2004). Factual findings underlying the immigration judge's decision that an alien has not established eligibility for asylum, withholding of removal, or CAT protection are reviewed for substantial evidence. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). Under the Immigration and Nationality Act, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

---

[1]We do not address Salazar Castellano's CAT claim because she waived that issue by failing to address it in her opening brief. *See* Fed. R. App. P. 28(a)(9)(A); *Don v. Gonzales*, 476 F.3d 738, 740 n.2 (9th Cir. 2007). We do not have jurisdiction over Salazar Castellano's humanitarian asylum claim because she failed to exhaust her administrative remedies with respect to that claim. 8 U.S.C. §1252(d)(1).

An applicant for asylum bears the burden of proving that she is unwilling or unable to return to her country of origin "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158 (b)(1)(B). In this case, the immigration judge found that the guerillas harmed Salazar's family because they were "simply interested in determining the whereabouts of the neighbors," rather than on account of Salazar's family's race, religion, nationality, membership in a particular social group, or political opinion. On the record before us, we cannot say that a reasonable adjudicator would be "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Therefore, Salazar Castellano was not entitled to a rebuttable presumption of a well-founded fear of future persecution. In evaluating Salazar Castellano's fear of future persecution, the immigration judge did not err in finding that she had not "met her burden of showing that she has a well-founded fear of future persecution on account of one of the five grounds." Again, a reasonable adjudicator would not be "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Instead, a reasonable adjudicator could conclude, as the immigration judge did here, that the respondent feared a return to Guatemala "because of the common crime that permeates many parts of Guatemala."

3

**PETITION FOR REVIEW DENIED.**